# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| THOMAS A. WENZEL, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 2:18-CV-128-TLS ) |
| SHERIFF DAVID REYNOLDS, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Thomas A. Wenzel, a prisoner without a lawyer, filed a complaint naming three defendants: Sheriff David Reynolds, Officer Castle, and Chaplain Burke.[1] "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Wenzel alleges that on February 9, 2018, while he was a pre-trial detainee being held at the Porter County Jail, an incident occurred that resulted in an inmate being removed from the housing unit. In response to the incident, the officers took away telephone, television, and microwave privileges for 23 hours. Wenzel planned to phone his son that afternoon. He asked that the phones be turned back on so that he could make his call, but his request was denied. In his frustration with the other inmates, he threatened them with violence and was taken to segregation. Because Wenzel was unable to place that phone call, his son now refuses to speak to

---

[1] The Complaint indicates Wenzel is suing four defendants, but he has only named three defendants.

him. Wenzel's complaint does not indicate who denied his request that he be permitted to call his son.

Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *See Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996); *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). Wenzel has not established a link between the refusal to allow him to call his son and any of the defendants he has named in this lawsuit. Furthermore, the refusal to allow Wenzel to place a single phone call to his son does not violate any provision of the Constitution. *See Flores v. O'Donnell*, No. 99-C-787-C, 2000 WL 34237508, *2 (7th Cir. Nov. 27, 2000) (noting that prohibiting the plaintiff from visiting with his children on one occasion did not support a constitutional claim). "Not every wrong committed under color of law, however, is offered redress by the Constitution[.]" *Leslie v. Doyle*, 125 F.3d 1132, 1138 (7th Cir. 1998). Therefore, he cannot proceed on this claim.

Once in segregation, Wenzel asked for his religious book. Wenzel is an Odinist.[2] Even though inmates are allowed to have a religious book in disciplinary segregation, Officer Castle told Wenzel that he could not have the book because it was not a Bible or Quran.[3] Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011).[4] Nevertheless, correctional officials

---

[2] Odinism, a life-affirming heathen religion, is the original, indigenous faith of the English people. http://www.odinistfellowship.co.uk/ (last visited Sept. 4, 2018).

[3] Wenzel further alleges that he continued to request the book while in segregation, and Officer Castle continued to goad Wenzel by asking if he wanted a Bible or Quran. Verbal harassment, however, does not rise to the level of a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

[4] The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords broader protections than the First Amendment, but RLUIPA does not authorize an award of money damages. *See Sossamon v.*

may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Furthermore, the Equal Protection Clause and the Establishment Clause prohibit prison officials from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto,* 405 U.S. 319, 322-23 (1972); *Nelson v. Miller,* 570 F.3d 868, 880-82 (7th Cir. 2009); *Kaufman v. McCaughtry,* 419 F.3d 678, 683-84 (7th Cir. 2005). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). Giving Wenzel the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, the allegation that he was denied his religious book without a legitimate reason between February 9, 2018, and February 12, 2018, while Christians and Muslims in segregation were not denied their holy books states a claim against Officer Castle in his individual capacity for monetary damages.

Wenzel also alleges that Chaplin Burke told him that his religious study materials must come from Barnes and Noble or booksamillion.com, but Chaplin Burke allowed Christian study materials to come from church and prison ministries. "[A]ny government policy that favors mainstream religions over non-mainstream, less familiar religions poses substantial problems under the First Amendment." *Hummel v. Donahue*, No. 1:07-CV-1452-DFHTAB, 2008 WL 2518268, at *7 (S.D. Ind. June 19, 2008) (granting a permanent injunction against an IDOC policy prohibiting Odinists from all group worship). Giving Wenzel the inferences to which he is entitled at this stage of the litigation, this states a claim. Wenzel may proceed against Chaplin

---

*Texas*, 563 U.S. 277, 285 (2011); *Nelson v. Miller,* 570 F.3d 868, 889 (7th Cir.2009). Because Wenzel is no longer housed in the Porter County Jail, no injunctive relief is possible and he cannot proceed on a claim based on RLUIPA.

Burke in his individual capacity for monetary damages for being denied similar access to religious study materials as Christians.[5]

Additionally, Wenzel alleges that cardboard runes he made were confiscated as contraband while he was in segregation and were never returned to him.[6] But Wenzel does not say who confiscated the runes. As already explained, Wenzel must identify a defendant personally involved in denying him his runes. *See Starzenski*, 87 F.3d at 879; *Benson*, 761 F.2d at 330. Therefore, Wenzel will not be permitted to proceed on this claim.

Next, Wenzel complains that Chaplin Burke denied his son a Christmas present through the prison gift program because he is not a Christian. Once again, "[n]ot every wrong committed under color of law, however, is offered redress by the Constitution[.]" *Leslie*, 125 F.3d 1138. This alleged wrong is not of constitutional magnitude.

Lastly, Wenzel has sued Sheriff Reynolds because he is "responsible for the actions of his employees." [ECF No. 1.] Wenzel does not allege that Sheriff Reynolds was involved in the decision to deny him the ability to call his son, to deny him his religious book or runes, to insist that religious materials be purchased from specific places, to deny his son a Christmas present, or to refuse to return his runes after his release from segregation. Section 1983 defendants,

---

[5] While Wenzel will be permitted to proceed on these two claims, it is noted that he has not identified either the book he wished to possess while in disciplinary segregation or the Odinist reading material he sought from sources other than Barnes and Noble or booksamillion.com. There may be legitimate reasons for treating the books Wenzel seeks access to different from other holy books or religious materials. *See Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006) (upholding the district court's finding that the First Amendment did not require that books alleged to be important to Odinism be permitted, because the books, which promoted racism and violence, posed a security risk); *Lindell v. Casperson*, 360 F. Supp. 2d 932, 958 (W.D. Wis. 2005) (granting summary judgment on plaintiff's equal protection claim where he was denied a religious book under a policy allowing inmates in segregation to possess a Bible, Koran, or "equivalent religious book for their religion," because the plaintiff's religion, Astrue, "did not have a recognized holy book equivalent to the Bible or Koran.").

[6] It is not clear if he is asserting a claim for destruction of his property, but even if he is, he would not be permitted to proceed on that claim because state remedies are available to him to redress the destruction of property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

however, "are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of respondeat superior, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Ind.*, 999 F.2d 1125, 1129 (7th Cir. 1993). Furthermore, he cannot sue Sheriff Reynolds in his official capacity for injunctive relief because he is no longer housed at the Porter County Jail and injunctive relief is therefore no longer possible.

For these reasons, the Court:

(1) GRANTS Thomas A. Wenzel leave to proceed against Officer Castle in his individual capacity for monetary damages on his claim that he was denied his religious book between February 9, 2018, and February 12, 2018;

(2) GRANTS Thomas A. Wenzel leave to proceed against Chaplin Burke in his individual capacity for monetary damages on his claim that he was denied similar access to religious study materials as Christians while housed at the Porter County Jail;

(3) DISMISSES all other claims;

(4) DISMISSES Sheriff David Reynolds;

(5) DIRECTS the Clerk and the United States Marshals Service to issue and serve process on Officer Castle and Chaplin Burke at the Porter County Sheriff's Office with a copy of this Order and the Complaint [ECF No. 8] as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Castle and Chaplin Burke respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening Order.

SO ORDERED on September 13, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION